United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21033
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LUIS LAURO LIMAS-HIDROGO,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-168-1
---------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Luis Lauro Limas-Hidrogo appeals from his guilty-plea

conviction for being illegally present in the United States after

being previously deported subsequent to an aggravated felony

conviction.  For the first time on appeal, Limas-Hidrogo argues

that 8 U.S.C. § 1326(b) is unconstitutional on its face and as

applied in his case because it does not require the fact of a

prior felony or aggravated felony conviction to be charged in the

indictment and proved beyond a reasonable doubt.  He thus

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that his sentence is invalid and argues that it should not exceed the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

Limas-Hidrogo acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  He seeks to preserve his argument for further review.  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

Accordingly, as Limas-Hidrogo's sole argument on appeal is foreclosed, the district court's judgment is AFFIRMED.